[S. F. No. 2005.  Department Two.—September 4, 1902.]

## JOHN L. HOWARD et al., Appellants, v. W. H. HIGGINS et al., Respondents.

VENDOR AND PURCHASER—MORTGAGE FOR PURCHASE PRICE—TENDER OF DEED BY MORTGAGEE.—One who sells land and takes a mortgage to secure the purchase money cannot enforce the mortgage without having first tendered a deed of the property.

ID.—OFFER PENDING SUIT.—A mere offer made pending suit—even if the tender of a deed after suit commenced would, in any event, be deemed sufficient—to execute a deed, and place it in the hands of the judge of the court, is insufficient to constitute the tender of an executed deed to the defendant.

APPEAL from an order of the Superior Court of Alameda County granting a new trial.  S. P. Hall, Judge.

The facts are stated in the opinion of the court.

Olney & Olney, for Appellants.

R. E. Hewitt, and W. J. Donovan, for Respondents.

McFARLAND, J.—This action is upon a promissory note and a mortgage to secure it, both made by defendant Higgins to plaintiffs.  The prayer is for the usual judgment in such a case.  The answer set up that the consideration of the note was, that plaintiffs were to build a house, which they had not done, and that plaintiffs were to execute and deliver to Higgins a deed of conveyance of the mortgaged premises free of all liens, etc., except the mortgage sued on, and that they had

refused to give such deed, although requested to do so. It appears from the evidence that the plaintiffs were, and still are, the owners of the mortgaged premises; that they sold the same to Higgins, and that Higgins gave the note and mortgage in payment thereof. The court found that the averments of defendants as to the house and the deed were not true, and rendered judgment for plaintiffs, foreclosing the mortgage. Defendants moved for a new trial upon most of the statutory grounds, and specified that the evidence was insufficient to justify the findings of fact, and the court made a general order granting a new trial. Plaintiffs appeal from that order.

There was clearly evidence warranting the trial court in holding that it had erred in finding that the giving of the deed was not a part of the contract between the parties; and, therefore, we cannot disturb its conclusion on that issue of fact. And that being so, we cannot see how, as a matter of law, the plaintiffs can maintain an action to collect the note—the purchase price—without having first tendered the deed. The mortgage, of course, was a mere incident of the debt. Respondents could certainly not enforce the execution of the deed without having given the note and mortgage. Neither party can put the other in default without first having performed, or tendered performance, of his part of the contract. The offer before the final submission of the case relied on by appellants—even if the tender of a deed after suit commenced could, in any event, be deemed sufficient—was not the tender of a deed to respondents; it was a mere offer to execute a deed and "place it in the hands of the judge of this court," and not a tender of an executed deed to respondents. Appellants also made some other offers to respondents which certainly appear to have been very just and fair; but they do not obviate the legal difficulties of the situation.

The order appealed from is affirmed.

Temple, J., and Beatty, C. J., concurred.